UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

IN RE:

CLOUD, WILLIAM A. and
CLOUD, RUTH M.,

            **Debtors.**

Case No. 06-10507-R
Chapter 13

**Filed / Docketed**
**November 29, 2006**

## ORDER DISMISSING CASE AS TO WILLIAM A. CLOUD

Before the Court is the Trustee's [Ex-Parte] Request for Entry of Order of Dismissal filed on October 26, 2006 (the "Request")(Doc. 57). In the Request, the Trustee seeks an order of dismissal pursuant to 11 U.S.C. § 521(i)(1) because the Debtors failed to file "copies of all payment advices received within 60 days of the filing of the petition" within 45 days of filing this case as required by 11 U.S.C. § 521(a)(1)(B)(iv). Request at 1.

Section 521(i)(1) of the Bankruptcy Code provides for the *automatic dismissal* of voluntary individual cases "effective on the 46th day after the date of the filing of the petition" if the documents described in section 521(a)(1) are not filed *within 45 days* after the petition date. 11 U.S.C. § 521(i)(1);[1] see also In re Fawson, 338 B.R. 505 (Bankr. D. Utah 2006)(holding that a case is automatically dismissed on the 46th day if an individual debtor fails to file all § 521(a)(1) papers within 45 days of the petition date and that the court has

---

[1] The "Court has no discretion to enlarge the time limitations of 11 U.S.C. § 521(i)(1) after the expiration of those time limitations." In re Ott, 343 B.R. 264, 265 (Bankr. D. Colo. 2006). "After the expiration of the specified period set forth in 11 U.S.C. § 521(i)(1), there are no exceptions, no excuses, only dismissal and the consequences that flow therefrom." Id. at 268. A court's "hands are tied by the operation of the express language of 11 U.S.C. § 521(i), as it was written and intended to be implemented by Congress." Id. at 265.

no discretion to extend this 45-day period). Section 521(a)(1)(B)(iv) requires that the Debtors file "copies of *all* payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor[s] from any employer of the debtor[s]." 11 U.S.C. § 521(a)(1)(B)(iv) (emphasis added).

The above-captioned joint Chapter 13 bankruptcy case was filed on May 2, 2006.[2] On June 6, 2006, the Debtors filed copies of payment advices for William Cloud with respect to income he earned during the period of April 30, 2006, through May 27, 2006. However, the 60-day period prescribed by Section 521 requires that the Debtors file payment advices for the period of March 3, 2006 through May 1, 2006. The 45-day deadline to file such payment advices expired on June 16, 2006. On November 26, 2006, the Debtors each filed a Payment Advice Certification. In her Payment Advice Certification, Ruth Cloud declared, under penalty of perjury, that she "did not receive any payment advices or other evidence of payment from any employer at any point during the 60 days before the petition date." William Cloud filed his Payment Advice Certification along with copies of payment advices for the period of March 5, 2006, through April 29, 2006. In his Certification, William Cloud declared, under penalty of perjury, that he received such payment advices during the 60 days prior to the petition date

**Dismissal of Chapter 13 Case as to William Cloud**

William Cloud failed to timely file copies of all his payment advices as required by

---

[2] On September 11, 2006, the case was converted from Chapter 7 to Chapter 13.

Section 521(a)(1)(B)(iv). As a result, the bankruptcy case as to William Cloud was *automatically* dismissed *by operation of statute* effective June 17, 2006. See 11 U.S.C. § 521(i)(1); see also In re Fawson, 338 B.R. 505 (Bankr. D. Utah 2006). The Chapter 13 case as to Ruth Cloud is not dismissed and remains under the jurisdiction of the Court.

**SO ORDERED** this 29th day of November, 2006.

*/s/ Dana L. Rasure*
DANA L. RASURE, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT